**Jorge Yamel BUILES, Petitioner,**

v.

**George NYE, Warden Snyder County Prison, et al., Respondents.**

**CIVIL ACTION NO. 1:CV–02–0420.**

United States District Court, M.D. Pennsylvania.

March 21, 2003.

---

*MEMORANDUM*

CALDWELL, District Judge.

I. *Introduction.*

Petitioner, Jorge Yamel Builes, a citizen of Columbia, filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241, contesting a final order of removal issued by the Immigration and Naturalization Service (INS) deporting him to Columbia. Among other things, Petitioner alleged that his right to substantive due process would be violated because he would be killed by drug traffickers upon his return as a result of his cooperation with American prosecutors.

By memorandum and order of January 2, 2003, we accepted the due process claim and permanently enjoined the government from deporting Petitioner to Columbia or any other country. *Builes v. Nye,* 239 F.Supp.2d 518 (M.D.Pa.2003). Under Fed. R.Civ.P. 59(e), Respondents have filed a timely motion to alter or amend the order, arguing that the claim has no merit and that, in any event, our injunctive relief was excessive as to time and geographic scope. Since our previous memorandum provides the necessary background, we will proceed immediately to Respondents' arguments.

II. *Discussion.*

We granted Petitioner relief under the state-created danger theory. *See Builes, supra,* 239 F.Supp.2d at 525–26 (citing

*Kneipp v. Tedder,* 95 F.3d 1199, 1208 (3d Cir.1996)). Respondents argue that Petitioner has no substantive due process claim under the state-created danger theory.

As Petitioner points out, the difficulty for Respondents in making this argument is that they did not present it while we were considering the merits of the substantive due process claim in resolving Builes' petition. *See* 239 F.Supp.2d at 525–26 (noting that Respondents did not oppose the claim).

■ A motion to alter or amend a judgment under Rule 59(e) should generally not be used to make arguments that could have been made before judgment but were not. *See Waye v. First Citizen's Nat'l Bank,* 846 F.Supp. 310, 314 (M.D.Pa. 1994). A Rule 59(e) motion must rely on one of the following grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) a need to correct a clear error of law or prevent manifest injustice. *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1198 (3d Cir.1995). The only ground applicable here is the third one, and after review of Respondents' argument, we find no clear error of law in our substantive due process analysis, nor do we see any manifest injustice in enjoining Petitioner's removal to Columbia.

■ We turn now to Respondents' attempt to narrow our grant of injunctive relief. They assert that the injunction, which "permanently enjoin[s]" the government "from removing or deporting Petitioner to Columbia or any other country," 239 F.Supp.2d at 526, is too broadly framed for the following reasons. First, it prohibits the government from removing Builes not just to Columbia but to any other country, including countries where his life would not be in danger from Columbian drug traffickers. Respondents point out that the injunction thus provides greater relief than withholding of removal, *see* 8 U.S.C. § 1231(b); 8 C.F.R. § 208.16(a) and (f), the grant of asylum, *see* 8 U.S.C. § 1158(a)(2)(A), and the Convention Against Torture, *see* 8 C.F.R. § 208.16(c) and (f), which permit removal to a third country presenting no danger to the alien.

Second, the injunction is permanent. They argue that it will prohibit the government from ever deporting Builes even if his circumstances change. As examples of changed circumstances, they list the following: (1) the drug traffickers who threatened him have been arrested or they are no longer in a position to endanger him because others have taken control of the drug trade; and (2) the Columbian government has been able to take control of society. They contend that the injunction should be modified so that it remains in effect only while Builes' safety is in jeopardy.

We will not alter the injunction. The injunction essentially grants the relief Builes requested in his petition. In part, that relief was: (1) release from custody; and (2) an injunction prohibiting Respondents "from removing Mr. Builes from the territory of the United States." (Petition/complaint at pp. 12–13). Respondents did not oppose that relief while we were considering the petition, and we reject their attempt to do so now. As above, the only ground applicable here is the third one, and we find no clear error of law in the relief we granted or manifest injustice.

■ As Petitioner points out, Respondents can deal with any change in circumstance by filing a motion under Fed. R.Civ.P. 60(b)(5). In part, that Rule permits a court to relieve a party from a final order or judgment when "it is no longer equitable that the judgment should have prospective application." Under this Rule, a party can seek relief from an injunction based on significant changes in factual cir-

cumstances or the law. *See Agostini v. Felton,* 521 U.S. 203, 215, 117 S.Ct. 1997, 2006, 138 L.Ed.2d 391, 409 (1997); *Building & Constr. Trades Council v. NLRB,* 64 F.3d 880, 888 (3d Cir.1995). Hence, if circumstances change so that Respondents believe that Builes can be removed to Columbia or some other country, the appropriate government official can file a motion under Rule 60(b)(5) to vacate or modify our injunction.

We will issue an appropriate order.

## ORDER

AND NOW, this 21st day of March, 2003, it is ordered that Respondents' motion (doc. 27) to alter or amend the judgment is denied.